1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN LLOYD HRONIS,

11          Plaintiff,                    No. CIV S-04-1267 GEB DAD P

12      vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS MEDICAL
14   HEALTH PROFESSIONALS, et al.,        ORDER AND

15          Defendants.                   FINDINGS AND RECOMMENDATIONS

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, has filed a complaint under the Civil

18   Rights Act, 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis.  The

19   proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-

20   302 and 28 U.S.C. § 636(b)(1).

21          Plaintiff submitted a statement of indigency but did not file an application to

22   proceed in forma pauperis that meets the requirements of 28 U.S.C. § 1915.  The court granted

23   plaintiff thirty days to file such an application.  Plaintiff has filed an in forma pauperis

24   application that makes the showing of indigency required by 28 U.S.C. § 1915(a).

25          When a plaintiff seeks leave to proceed in forma pauperis in federal court, the

26   district court must dismiss the case if it is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief against a defendant immune from such

2  relief. 28 U.S.C. § 1915(e)(2). In addition, the district court must screen every complaint

3  brought by a prisoner seeking relief against a governmental entity or officer or employee of a

4  governmental entity and must dismiss claims that are frivolous or malicious, fail to state a claim

5  upon which relief may be granted, or seek monetary relief from a defendant who is immune from

6  such relief. 28 U.S.C. § 1915A(a) and (b)(1) and (2).

7         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

10 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

11 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

12 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13 Cir. 1989); Franklin, 745 F.2d at 1227.

14        A claim fails to state a claim upon which relief may be granted if it appears that

15 the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.

16 Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners

17 Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). For screening purposes, the court accepts as true the

18 allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

19 (1976). The court also construes the pleading in the light most favorable to the plaintiff and

20 resolve doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The

21 court may disregard allegations that are contradicted by facts established by exhibits to the

22 complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court is not

23 required to accept as true conclusory allegations, unreasonable inferences, or unwarranted

24 deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

25 /////

26 /////

2

The Civil Rights Act under which this action has been filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff's complaint begins with plaintiff's admission that he filed a previous action in Lassen County Superior Court dealing with the same facts, that the parties were the same as in this case, and that the defendants prevailed in that action in 2003. (Compl. at 1-2.)  Plaintiff states that he appealed to the California Court of Appeal on January 29, 2004, and that the matter is now pending before the California Supreme Court.  (Id. at 2 & 4.) Plaintiff alleges that the facts relating to this case were also the subject of a prison grievance filed at High Desert State Prison, that he pursued the grievance to the highest available level, and that the grievance was granted in part and denied in part.  (Id. at 2.)

1      In the caption of his complaint, plaintiff identifies the defendants as "California

2  Department of Corrections Medical Health Professionals."  Plaintiff alleges that the defendants

3  are or were employed in various positions with the CDC or were hired under contract by the

4  director of the CDC and other prison officials, who are also defendants.  (Id. at 3.)  Plaintiff

5  alleges that the facts of this case "revolve around a series of medical procedures done."  (Id. at 4.)

6  Plaintiff cites knee surgery at Folsom State Prison in 1992, dental work at Sierra Conservation

7  Center in 1996, and "suture work" at California Correctional Institution in 2001.  Plaintiff claims

8  that during one or all of these procedures "a device or devices were implanted" in his body

9  without his authorization.  He describes the devices as "security surviellance [sic] transmittable

10  tracking devices."  (Id.).  Plaintiff seeks relief in the form of removal of the devices from his

11  body, compensatory damages, punitive damages, costs and attorney fees.  (Id. at 5.)

12      In a separately captioned section of his complaint, plaintiff reiterates the

13  allegations described above and adds that he is alleging federal civil rights claims and state law

14  claims.  (Id. at 8-9.)  Plaintiff alleges that the 1992 surgery was performed at Mercy Folsom

15  Hospital, and the suture work was performed in June 2001 by a doctor and a registered nurse.

16  (Id. at 10-11.)  Plaintiff claims that the tracking devices were implanted in him in violation of the

17  Eighth Amendment, the Due Process Clause, the Freedom of Speech and Religion Clauses of the

18  First Amendment, and state tort laws.  (Id. at 12-14.)

19      It is well established that "the in forma pauperis statute . . . 'accords judges not

20  only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the

21  unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

22  whose factual contentions are clearly baseless.'"  Denton v. Hernandez, 504 U.S. 25, 32 (1992)

23  (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  "Examples of the latter class are

24  claims describing fantastic or delusional scenarios, claims with which federal district judges are

25  all too familiar."  490 U.S. at 328 (quoted in Denton, 504 U.S. at 32).  Allegations that are

26  fanciful, fantastic, or delusional give rise to claims that are factually frivolous.  504 U.S. at 32-33

1    (citing 490 U.S. at 325 & 327-28).  The district court is therefore authorized to make a finding of

2    factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly

3    incredible."  504 U.S. at 33.

4              In the present case, plaintiff alleges no facts in support of his bald allegation that

5    tracking devices were implanted in his body at least once and possibly two or three times during

6    the twelve years preceding the filing of this action.  Plaintiff cites no physical evidence, no

7    notations in his medical records, and no witness statements.  Nor does plaintiff allege any facts

8    concerning observable consequences of the alleged implantation of tracking devices.  In the

9    absence of any factual allegations that remove plaintiff's claim from the realm of fantasy, the

10   undersigned finds that plaintiff's allegations appear to be delusional and rise to the level of the

11   irrational.  Cf. Monroe v. Arpaio, No. CV053441 PHX-NVW (VAM), 2005 WL 3054067, at *2-

12   3 (D. Ariz. Nov. 14, 2005) (dismissing with prejudice, at screening, inmate's claim that he told

13   jail officials he "had a mind-reader on him" but they did not transfer him to a secure facility, set

14   up a "scrambler" to block radio waves and satellite frequencies, and arrest those responsible for

15   the illegal use of a mind-reader); Payne v. Contra Costa Sheriff's Dep't, No. C 02-2382 CRB

16   (PR), 2002 WL 1310748, at *1 (N.D. Cal. June 10, 2002) (denying leave to proceed in forma

17   pauperis and dismissing inmate's complaint where he alleged that the sheriff's department was

18   using telepathy and mind control to allow others to have access to his memories); Shadeed v.

19   California-San Quentin State Prison, No. C 02-0379 PJH (PR), 2002 WL 981957, at *1 (N.D.

20   Cal. Apr. 29, 2002) (denying leave to proceed in forma pauperis and dismissing prisoner's

21   complaint where he alleged that his wife was raped in his home in 1989 and was then

22   incarcerated with him at three different California state prisons "for sexual purposes").

23             The undersigned takes judicial notice of the fact that plaintiff presented identical

24   claims to this court in a federal petition for writ of habeas corpus filed seven days after this civil

25   /////

26   /////

5

1    rights action was filed.[1]  (See Steven Lloyd Hronis v. Warden Runnels, case No. CIV S-04-1302

2    LKK PAN P, filed July 8, 2004.)  In an order filed August 25, 2004, Magistrate Judge Nowinski

3    construed the action as a § 1983 civil rights case.  By findings and recommendations filed

4    October 27, 2004, Magistrate Judge Nowinski found plaintiff's allegations to be in the realm of

5    the fantastic, delusional, and irrational, ruled that the action was factually frivolous, and

6    recommended that plaintiff's application to proceed in forma pauperis be denied.  The district

7    judge then assigned to the case adopted the recommendation and denied plaintiff's in forma

8    pauperis application on November 19, 2004.  Plaintiff did not pay the filing fee, and the case was

9    closed on April 27, 2005.

10        Plaintiff has also affirmatively pled that he raised the same claims against the

11    same parties in state court and that the defendants prevailed.  The res judicata effect of a prior

12    judgment may be examined by the court sua sponte.  McClain v. Apodaca, 793 F.2d 1031, 1032-

13    33 (9th Cir. 1986).  An action may be summarily dismissed on the ground of res judicata if the

14    defense appears from the face of the complaint.  Guam Inv. Co. v. Central Bldg., Inc., 288 F.2d

15    19, 24 (9th Cir. 1961).  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (stating

16    that there is no abuse of discretion where a district court dismisses a complaint under § 1915

17    where the complaint merely repeats pending or previously litigated claims); Allen v. Vaughn,

18    No. C 98-0276 VRW PR, 1998 WL 61317 (N.D. Cal. Feb. 4, 1998) (dismissing the prisoner's

19    complaint at screening because the prisoner alleged that he presented the same claims and issues

20    to a state court and was denied relief).

21        Plaintiff's application for leave to proceed in forma pauperis should be denied

22    because he has alleged claims that are factually frivolous.  In addition, the claims are duplicative

23    of claims presented to this federal district court in a case improperly brought as a habeas

24    proceeding and it appears that those claims are barred by the doctrine of res judicata.  For all of

25

26       [1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 these reasons, the undersigned will recommend that plaintiff's application to proceed in forma

2 pauperis be denied and that this action be dismissed with prejudice. Plaintiff's requests for

3 discovery and for a copy of the docket will be denied.

4       Accordingly, IT IS HEREBY ORDERED that:

5       1. Plaintiff's July 22, 2004 motion to obtain discovery is denied;

6       2. Plaintiff's April 11, 2005 request for discovery production is denied;

7       3. Plaintiff's September 6, 2005, request for a copy of the docket is denied; and

8       IT IS RECOMMENDED that:

9       1. Plaintiff's August 9, 2004 application to proceed in forma pauperis be denied;

10 and

11       2. This action be dismissed with prejudice on the grounds that it is factually

12 frivolous, fails to state a claim upon which relief may be granted, duplicative, and barred by the

13 doctrine of res judicata.

14       These findings and recommendations are submitted to the United States District

15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

16 days after being served with these findings and recommendations, plaintiff may file written

17 objections with the court. A document containing objections should be titled "Objections to

18 Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

19 objections within the specified time may, under certain circumstances, waive the right to appeal

20 the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 DATED: December 19, 2005.

22

23                       DALE A. DROZD

24 DAD:13                   UNITED STATES MAGISTRATE JUDGE

hron1267.56

25

26